IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONIDAS R. FIELDS, | : |
| Petitioner | : |
| v. | : CIVIL NO. 3:CV-15-516 |
| DONNA ZICKEFOOSE, WARDEN, | : (Judge Conaboy) |
| Respondent | : |

**MEMORANDUM**
**Background**

Leonidas R. Fields, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Allenwood Warden Donna Zickefoose. Service of the petition was previously ordered.

Petitioner was originally convicted in 1973 of bank robbery and jeopardy of life with a dangerous weapon in the United States District Court for the Northern District of Indiana. While serving that sentence at a federal reformatory he was convicted of the murder of a correctional officer engaged in official duties. On June 17, 1975, the United States District Court for the Western District of Oklahoma sentenced Petitioner to a term of life imprisonment.

1

Petitioner's pending action does not challenge the legality of either of his federal convictions or sentences. Rather, Fields claims entitlement to federal habeas corpus relief on the grounds that: he should be granted early compassionate release; the USP-Allenwood Warden has improperly subjected him to hourly security checks; and he is entitled to immediate mandatory parole.

Respondent has filed a response arguing that the security check and compassionate release arguments are not properly raised in a habeas proceeding and that the denial of parole was appropriate and complied with due process. In reply, Petitioner has filed a traverse, objections, and a motion for clarification all of which have been considered by the Court.

### Discussion

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v.

Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

**One Hour Security Checks**

Petitioner's initial claim contends that the USP-Allenwood Warden has improperly subjected him to hourly security checks. Respondent contends that this allegation is not properly raised in a federal habeas corpus action.

A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir. 1993). As discussed earlier, federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer, 288 F.3d at 540.

In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Recognizing the observation in Woodall that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." Hairston v. Grondolsky, 2008 WL

3

618805, *2 (D.N.J. March 3, 2008).

Fields' claim of excessive security checks does not claim entitlement to speedier or immediate release from custody nor does it challenge the legality of his present incarceration. The Petitioner's initial claim is simply not raising a challenge related to the execution of his sentence as contemplated in Woodall.

There is no discernible claim by Fields that this alleged violation of his constitutional rights involved a loss of good time credits or otherwise extend the length of his confinement. Thus, the purported constitutional misconduct did not adversely affect the fact or duration of Fields' incarceration. See Wapnick v. True, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997)(McClure, J.). Accordingly, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993). Petitioner , if he so chooses, can pursue this claim in a properly filed civil rights action.

**Compassionate Release**

Petitioner describes himself as being an elderly prisoner with serious medical problems. Fields' second argument for habeas corpus relief asserts that his request for early compassionate release was improperly denied by federal

4

correctional officials.

18 U.S.C. § 3582(c)(1)(A)(i) permits a court upon motion of the Director of the Federal Bureau of Prisons (BOP) to reduce a sentence if it finds extraordinary and compelling reasons to do so. It is well settled that a request for compassionate relief may only be awarded upon motion by the BOP Director. See United States v. Lagonia, 2012 WL 574500 * 1 (D. N.J. Feb. 21, 2012).

A § 2241 federal habeas corpus petition is not the appropriate vehicle to obtain compassionate release. See Lymas v. Zickafoose, 2014 WL 4659658 *2 (M.D. Pa. Sept. 17, 2014)(Kane, J.). Moreover, this Court cannot review the merits of a decision by the BOP Director not to seek compassionate release. See Quaco v. Ebbert, 2012 WL 1598136 *2 (M.D. Pa. May 7, 2012)(Rambo, J.). Petitioner's second argument for habeas corpus relief will be dismissed without prejudice to his right to seek compassionate release under § 3582.

**Mandatory Parole**

Fields' final argument asserts that although he is serving a life sentence, pursuant to the provisions of 18 U.S.C. § 4206 he is entitled to release on parole. Respondent argues that Petitioner is not entitled to federal habeas corpus relief because he is not eligible for mandatory parole under § 4206. See Doc. 12, p. 10.

5

It is well-settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). With respect to actions taken by the Parole Commission, the Court of Appeals for the Third Circuit has routinely recognized that a federal court's review of a decision issued by the Parole Commission is limited to an "abuse of discretion" standard. E.g., United States v. Friedland, 83 F.3d 1531, 1542 (3d Cir. 1996); Bridge v. United States Parole Comm'n, 981 F.2d 97, 105 (3d Cir. 1992). A federal district court needs only to consider whether the record provides a rational basis for the Parole Commission's ruling. Gambino v. Morris, 134 F.3d 156, 160 (3d Cir. 1998). It must ensure that the Parole Commission has followed appropriate criteria rational and consistent with its enabling status and that its "decisions are neither arbitrary and capricious nor based on impermissible considerations." Id. (citation omitted).

Furthermore, the Third Circuit has noted that, when the Parole Commission issues any written determinations, it "must reveal reasoning and not simply present conclusions, at least where the reasoning is not apparent from the facts of the case." Marshall v. Lansing, 839 F.2d 933, 943 (3d Cir. 1988) (emphasis

6

in original); see also Greene v. United States Parole Comm'n, 749 F. Supp. 650, 654 (M.D. Pa. 1990). The court in Marshall added that "Congress has required the Commission to furnish a statement of reasons to the prisoner so that he can receive 'an understandable explanation of his parole status.'" Id. at 942 (citations omitted).

Fields seeks relief under 18 U.S.C. § 4206(d) which provides that a person who has not been previously released on parole shall be released on parole after serving two thirds of each consecutive term or terms or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term.

Petitioner was sentenced to a term of life imprisonment in 1975. § 4206(d) was part of the Parole Commission and reorganization Act of 1976. Thus, at the time of Fields' sentencing in 1975, § 4206 had not yet been enacted. The Petitioner has not shown that § 4206(d) had retroactive effect.

Second, an application of the above standards to the undisputed facts of this action clearly provides that there was a rational basis for the Parole Commission's conclusion that Petitioner was not entitled to mandatory parole. It is equally apparent the Parole Commission did not abuse its discretion by considering Petitioner's murder of a federal correctional

officer in its determination.

Specifically, § 4206 provides that mandatory parole may be denied if the Parole Commission determines that the prisoner has seriously or frequently violated institution rules or that there is a reasonable probability that he will commit any Federal, State, or local crime. Clearly, Petitioner's murder of a federal correctional officer in a gruesome manner constitutes a serious violation of institution rules and was a rational basis to deny his request for parole.

The written decision issued by the Parole Commission in Petitioner's case prior to the filing of this action clearly explained the reasons behind its conclusion that Fields was not eligible for mandatory parole. Since there was no discernible violation of Petitioner's due process rights, the petition for habeas corpus will be denied. An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: DECEMBER 8, 2016